# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LILLIAN LESTORIC,**

    **Plaintiff,**

                              **CASE NO.:**

v.

**CONIFER PATIENT COMMUNICATIONS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lillian Lestoric, by and through undersigned counsel, brings this action against Defendant, Conifer Patient Communications, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. Venue is proper in this District, because all of the events giving rise to these claims occurred in Pinellas County which is in this District.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court also has pendent jurisdiction over the state law claims.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida, and she worked in Pinellas County.

5. Defendant operates a call center for healthcare entities in Pinellas County.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and the FCRA, and retaliated against Plaintiff for attempting to exercise these same rights.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

12. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

13. Plaintiff began working for Defendant on or around December 14, 2010.

14. Throughout the course of her employment, over ten years, Plaintiff performed the job for which she was hired in a satisfactory manner.

15. On or around October 2020, a qualified member of Plaintiff's family member suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

16. On or about October 28, 2020, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for her qualifying family member.

17. On or about April 21, 2021, Plaintiff's employment was terminated for the pretextual reason of decreased productivity even though Plaintiff has no control over the call center's volume of incoming calls.

18. Plaintiff exercised her rights under the FMLA by requesting intermittent leave.

19. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

20. Plaintiff's family member, for whom she requested FMLA leave, is an individual with a disability and Plaintiff's intermittent FMLA was in the process of recertification when she was terminated.

21. Once Plaintiff requested FMLA leave to care for her family member and his disability, Plaintiff's managers began to treat her differently.

22. For instance, by way of example and not limitation, in January 2021, only two (2) months after Plaintiff applied for intermittent FMLA leave, Defendant gave Plaintiff a warning about alleged 'decreased productivity.' However, Plaintiff's job involves answering incoming calls and she has no control over Defendant's call center volume. Defendant also did not give Plaintiff any additional tasks or assignments to complete.

23. Plaintiff is also a qualified individual with a disability who can perform the essential functions of her job with or without a reasonable accommodation.

24. Plaintiff requested a reasonable accommodation. Specifically, Plaintiff requested a short and defined leave of absence.

25. Instead, Defendant terminated Plaintiff on April 21, 2021, when Plaintiff was due to return from a brief absence, which was pursuant to the advisement of a medical professional who worked for Defendant, due to Plaintiff experiencing symptoms consistent with Covid 19.

26. Defendant had actually completed Plaintiff's termination paperwork on or about April 15, 2021, shortly after she requested the accommodation and

while a request for extension of Plaintiff's intermittent FMLA leave was still under review.

27. Defendant's termination of Plaintiff also did not follow its own progressive discipline policy of requiring three write-ups to justify a termination.

28. Defendant's termination of Plaintiff's employment was due to her disability, or perceived disability, and to her association with her family member who also has a disability.

29. Defendant retaliated against Plaintiff for having requested a reasonable accommodation for her disability.

## COUNT I – FMLA INTERFERENCE

30. Plaintiff realleges and readopts the allegations of paragraphs of this Complaint as fully set forth herein.

31. Plaintiff required time off from work to care for her qualifying family member, because the family member suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. By terminating Plaintiff's employment for the pretextual reason of decreased productivity, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

35. Plaintiff realleges and readopts the allegations of paragraphs of this Complaint as fully set forth herein.

6

36. Plaintiff required time off from work to care for her qualifying family member, because the family member suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

37. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of

    Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)   Front pay;

(f)   Liquidated Damages;

(g)   Prejudgment interest on all monetary recovery obtained;

(h)   All costs and attorney's fees incurred in prosecuting these claims; and

(i)   For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

41. Plaintiff realleges and readopts the allegations of paragraphs of this Complaint as fully set forth herein.

42. Plaintiff is a member of a protected class under the FCRA.

43. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

    c)     Compensation for lost wages, benefits, and other remuneration;

    d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e)     Any other compensatory damages, including emotional distress, allowable at law;

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

### COUNT IV—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

46. Plaintiff realleges and readopts the allegations of paragraphs of this Complaint as fully set forth herein.

47. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

48. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT V– FCRA RETALIATION

51. Plaintiff realleges and readopts the allegations of paragraphs of this Complaint as fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

54. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

55. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

56. Defendant's actions were willful and done with malice.

57. Defendant took material adverse action against Plaintiff.

58. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

11

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of April, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

12